TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Leah Joy-Oberg*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leah Joy-Oberg, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia company, and Ocwen Loan Servicing, LLC a Delaware company, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, LEAH JOY-OBERG, BY AND THROUGH

COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants,

pleads as follows:

**JURISDICTION**

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit

    Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

**VENUE**

3.  The transactions and occurrences which give rise to this action occurred in the

    City of Cottonwood, Yavapai County, Arizona.

4.  Venue is proper in the District of Arizona, Prescott Division.

**PARTIES**

5.  The Defendants to this lawsuit are:

    a.  Equifax Information Services, LLC ("Equifax"), which is a Georgia

        corporation that maintains a registered agent in Maricopa County,

        Arizona; and

    b.  Ocwen Loan Servicing, LLC ("Ocwen"), which is a Delaware company

        that maintains a registered agent in Maricopa County, Arizona.

2

**GENERAL ALLEGATIONS**

6.  On April 17, 2008, Plaintiff filed Chapter 7 Bankruptcy.

7.  Mrs. Joy-Oberg included her second mortgage with Ocwen in her bankruptcy filing.

8.  On August 4, 2008, Mrs. Joy-Oberg's debts were discharged in bankruptcy.

9.  The date of first delinquency on the Ocwen account was in 2008, which is also the last time anyone made a payment on the account.

10. Mrs. Joy-Oberg does not reside in the house, which is the subject of the Ocwen account.

11. On or about November 5, 2013, Mrs. Joy-Oberg received a letter from Ocwen, stating the she owed $75,434.52.

12. On or about December 30, 2016, Mrs. Joy Oberg sent Ocwen a letter, stating she included the Ocwen debt in her bankruptcy filing.  She requested that the Ocwen trade line be deleted from her credit files.

13. On or about January 13, 2017, Mrs. Joy-Oberg obtained her credit file and noticed that Ocwen reported its trade line with account 7192035363 ("Errant Trade Line").  This trade line should not be reported on her credit files as the credit reporting limit of 7 years has expired.

14. On or about January 17, 2017, Mrs. Joy-Oberg sent a letter to Equifax, disputing the Errant Trade Line.  In the dispute letter, she stated that it has been

3

over 7 years since she first became delinquent with Ocwen, and she requested

that it be removed from her credit file.

15. Upon information and belief, Equifax forwarded Mrs. Joy-Oberg's consumer

disputes to Ocwen.

16. On or about February 22, 2017, Mrs. Joy-Oberg obtained her Equifax credit file

and notice that Ocwen retained the Errant Trade Line.

17. As a direct and proximate cause of the Defendants' negligent and/or willful

failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*,

Plaintiff has suffered credit and emotional damages.  Due to the Defendants'

failure to correct the errors in her credit file, Plaintiff has been forced to refrain

from applying for new credit or more favorable terms on existing credit lines.

Plaintiff has also experienced undue stress and anxiety due to Defendants'

failure to correct the errors in her credit file or improve her financial situation

by obtaining new or more favorable credit terms as a result of the Defendants'

violations of the FCRA.

## <u>COUNT I</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY OCWEN**

18. Plaintiff realleges the above paragraphs as if recited verbatim.

4

19. After being informed by Equifax of Mr. Joy-Oberg's consumer dispute of the obsolete Errant Trade Line, Ocwen negligently failed to conduct a proper investigation of Mrs. Joy-Oberg's dispute as required by 15 USC 1681s-2(b).

20. Ocwen negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to delete the obsolete Errant Trade Line.

21. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Joy-Oberg's consumer credit file with Equifax to which it is reporting such trade line.

22. As a direct and proximate cause of Ocwen's negligent failure to perform its duties under the FCRA, Mrs. Joy-Oberg has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Ocwen is liable to Mrs. Joy-Oberg by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Mrs. Joy-Oberg has a private right of action to assert claims against Ocwen arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ocwen for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY OCWEN

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Mrs. Joy-Oberg disputed the accuracy of the information it was providing, Ocwen willfully failed to conduct a proper reinvestigation of Mrs. Joy-Oberg's dispute.

27. Ocwen willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Ocwen's willful failure to perform its duties under the FCRA, Mrs. Joy-Oberg has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Ocwen is liable to Mrs. Joy-Oberg for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ocwen for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Joy-Oberg as that term is defined in 15 USC 1681a.

32. Such reports contained information about Mrs. Joy-Oberg that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Joy-Oberg, in violation of 15 USC 1681e(b).

34. After receiving Mrs. Joy-Oberg's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Joy-Oberg has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Mrs. Joy-Oberg by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Joy-Oberg as that term is defined in 15 USC 1681a.

39. Such reports contained information about Mrs. Joy-Oberg that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or

8

more third parties pertaining to Mrs. Joy-Oberg, in violation of 15 USC
1681e(b).

41. After receiving Mrs. Joy-Oberg's consumer dispute to the Errant Trade Line,
Equifax willfully failed to conduct a reasonable reinvestigation as required by
15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties
under the FCRA, Mrs. Joy-Oberg has suffered actual damages, mental anguish
and suffering, humiliation, and embarrassment.

43. Equifax is liable to Mrs. Joy-Oberg by reason of its violations of the FCRA in
an amount to be determined by the trier of fact together with his reasonable
attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment
against Defendant Equifax for the greater of statutory or actual damages, plus punitive
damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

9

1  DATED: March 16, 2017

2                                                        KENT LAW OFFICES

3

4                                         By:    /s/   Trinette G. Kent
5                                              Trinette G. Kent
                                               Attorneys for Plaintiff,
6                                              Leah Joy-Oberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28